El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

## EX PARTE TORRES.

### SOLICITUD para que se expida mandamiento de Habeas Corpus.

No. 14.—Resuelto en Julio 23, 1903.

JUICIO POR JURADO.—CUANDO DEBERÁ SOLICITARSE.—El acusado que tenga derecho á un juicio por jurado, deberá solicitarlo en el acto de la lectura de la acusación, pues de lo contrario se entenderá que renuncia á él.

EXPOSICIÓN DEL CASO.

Esta solicitud de Habeas Corpus fué presentada al Sr. Juez Presidente del Tribunal Supremo, y en ella expone el peticionario los hechos en la forma siguiente: Primero: En el mes de Mayo del corriente año, el Juez de Paz de Isabela expidió órden de detención contra Paulino Torres Portalatín, á méritos de la causa que se le instruía, por supuesta seducción de Catalina Mercado. Segundo: El dia 22 del citado mes, Francisco Chaves Reverón y Felipe Alfaro prestaron, ante el propio Juez, la fianza necesaria para la libertad provisional del detenido. Tercero: En 9 de Junio anterior, celebróse ante la Corte de Distrito de Mayagüez, el acto del "*arraigment*", donde fué Paulino Torres acusado de seducción, por el Representante del Pueblo de Puerto Rico: en dicho acto, el Tribunal ordenó la detención del reo, interín fuese aprobada la fianza constituida ante el Juez de Paz de Isabela, y aprobada por el Tribunal la fianza, cuatro días

Mr. Justice Sulzbacher did not sit at the hearing of this case.

---

## Ex Parte Torres.

### Application for a writ of habeas corpus.

No. 14.—Decided July 23, 1903.

#### STATEMENT OF THE CASE.

después, quedó nuevamente en libertad provisoria el acusado. Cuarto: Asimismo, en el acto del "*Arraigment*" fué por el Tribunal, Paulino Torres, advertido de su derecho á que en su oportunidad se le concediera un juicio por jurados. Quinto: A pesar de esta legal advertencia, de no haber el reo pedido que le juzgase el Tribunal de derecho, de no haberse incluido el proceso en la lista de causas para jurado, y de no haberse efectuado la primera lectura de ninguna lista como la indicada, la Corte dispuso la celebración del juicio, ante ella, como Tribunal de derecho, señalándose para ello el dia 10 del mes en curso. Sexto: El mismo dia y antes de empezar el juicio el Letrado suscribiente, en nombre y como defensor del reo, presentó en la Secretaría de la Corte, un escrito solicitando que se concediera á Paulino Torres un juicio por jurados, de conformidad con lo dispuesto en la enmienda VI de la Constitución de los Estados Unidos y en el artículo 178 del Código de Enjuiciamiento Criminal. Septimo: El Tribunal, antes de principiar el juicio, desestimó la instancia, resucitando la Sección 3ª de la antigua y derogada Ley estableciendo en Puerto Rico el Juicio por Jurado, donde se determina que la opción á juicio por jurado debe anunciarse con dos días de anticipación al señalado para la vista de la causa. Al denegar la instancia, el Tribunal acordó la celebración inmediata del juicio. Octavo: Después del juicio verificado, la Corte señaló el dia 14 último, para el pronunciamiento de la sentencia; y antes de procederse á su lectura, el abogado defensor, de acuerdo con el reo, alegó, como excepción que impedía el pronunciamiento del fallo, la incompetencia del Tribunal, pues la jurisdicción, para conocer del caso, correspondía únicamente á un Tribunal de jurados. Noveno: No obstante, la Corte dictó sentencia condenando al reo, por delito de seducción, á la pena de un año de presidio con trabajos forzados. Décimo: Ejecutoria en el mismo instante la sentencia, Paulino Torres, que se encontraba en libertad bajo fianza, fué reducido á prisión, por órden del Tribunal y conducido por la policía á la cár-

defendant had not asked for a trial by the court, nor had his case been placed on the jury docket, nor the first call thereof been made, the court ordered the trial of the case to be had on the 10th day of the present month before the court. Sixth—On said day, before the beginning of the trial, counsel for the defendant filed with the clerk of the court a petition requesting that Paulino Torres be allowed a trial by jury, as provided for by section VI of the Constitution of the United States and section 178 of the Code of Criminal Procedure. Seventh—The court before beginning the trial, denied the request, thereby reviving section 3, now repealed, of the old law providing for trial by jury in Porto Rico, wherein it is prescribed that the demand for a trial by jury should be announced two days before the time set for the trial. Upon denying the request the court ordered the trial to be immediately proceeded with. Eight—After the trial the court set the 14th of last month as the day upon which sentence would be passed, and before it was pronounced, counsel for the defendant, with the latter's consent, alleged that the court was without jurisdiction as an exception which precluded the rendering of judgment, inasmuch as the jury was the only tribunal having jurisdiction to take cognizance of the case. Ninth—Notwithstanding this, the court rendered judgment sentencing the accused to one year at hard labor in the penitentiary for the crime of seduction. Tenth—The judgment being then and there entered for enforcement, Paulino Torres who had been admitted to bail, was remanded to prison by order of the court and taken by the police to the Mayagüez jail, where he is confined under the custody of Marcelo del Rio, warden of said penal institution.

cel de Mayagüez, donde se encuentra, bajo la custodia de Don Marcelo del Rio, Alcaide del Penal.

Abogado del peticionario: *Sr. de Diego.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente Sr. Quiñones, emitió la siguente opinión :

*Resultando :* que diligenciado convenientemente el mandamiento librado para la presentación del preso Paulino Torres ante el que provee, se ha celebrado la vista con asistencia del interesado y de su abogado defensor y del representante del Ministerio Fiscal, que se ha opuesto en el acto á la excarcelación solicitada.

*Considerando:* que el peticionario Paulino Torres no ha sido privado del derecho que le concedía el Código de Enjuiciamiento Criminal vigente en esta Isla para pedir un juicio por jurado; pero no habiendo hecho uso de ese derecho en el acto de la lectura de la acusación, en el que ha podido ejercitarlo con pleno conocimiento de la causa, ha debido estimarse prescrito su derecho, para pedir el Jurado con posterioridad á dicho acto, y quedó por consiguiente el Tribunal del Distrito en aptitud para celebrar el juicio y dictar la sentencia que estimara procedente, á tenor de lo que ordena sobre el particular el artículo 178 del citado Código de Enjuiciamiento Criminal.

*Considerando*, por tanto, que habiendo juzgado de la causa el Tribunal del Distrito de Mayagüez con perfecta competencia, no se ha extralimitado de su jurisdicción, ni se encuentra comprendido el caso en ninguno de los números del artículo 483 del Código de Enjuiciamiento Criminal, que se citan como fundamento del recurso interpuesto. *Se declara no haber lugar* á la excarcelación del preso Paulino Torres, el que deberá ser devuelto á la Cárcel de Mayagüez bajo la custodia del Alcaide de dicho establecimiento penal, con las costas á cargo del promovente.